UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   NOT FOR PUBLICATION
LUIS A. VAZQUEZ,

                Plaintiff,                                MEMORANDUM
                                                                       AND ORDER
      - against -                                          06-CV-5399 (JG)

LT. LITTLES, CAPTAINS JOHN DOE & JOHN DOE,
white males, Cell Force Team at Metropolitan Detention
Center,
                       Defendants.
-----------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

        Luis A. Vazquez,[1] currently incarcerated at the Great Meadow Correctional Facility, brings this action *pro se* pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962; 42 U.S.C. §§ 1981, 1983, 1985(3), 1986; and Title VII of the Civil Rights Act of 1964. For the purposes of this disposition I grant Vazquez's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. I now dismiss the action for the reasons set forth below.

## BACKGROUND

        Vazquez alleges that on March 1, 2001, while incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, he was "bone-rushed, handcuff[ed], and shackle[d] and dragged to the Mental Health Unit where he was stripped naked and sexually (touch[ed]) molested by the defendants and many other officers." Compl. at 1. On March 28, 2001, Vazquez filed an action against Lt. Littles and numerous John Doe officials of the MDC making allegations about the March 1, 2001 incident that were similar in part to the allegations here. *See Vasquez v. Hasty*, No. 01-1989 (JG), 2005 WL 2271937, at *2 (E.D.N.Y. Aug. 30, 2005) (alleging officers "'got in' to Vasquez's cell, 'jumped [him], grabbed [him], and bone-rushed [him] to the floor,'" handcuffed his hands behind his

---

[1]        Plaintiff's last name appears spelled on court records as <Vazquez> and as <Vasquez>.

back, shackled his ankles, and dragged him out of the cell). Vazquez did not allege that officers of the MDC had sexually molested him in the March 28, 2001 action. I dismissed that complaint in its entirety on procedural grounds because Vazquez failed to exhaust his administrative remedies and on the merits because he failed to allege that the named defendants in that action (including Littles) were personally involved in any alleged deprivation of his constitutional rights. *See id.* at \*5-\*6.

In addition, Vazquez very briefly alleges that similar incidents occurred at the Metropolitan Correctional Center ("MCC") in New York City, at the Medical Center for Federal Prisoners in Springfield, Missouri, at the Oklahoma City Federal Transfer Facility, and at every state facility at which Vazquez has been incarcerated.

## DISCUSSION

A.  *Standard of Review*

28 U.S.C. § 1915A(b) requires me to review a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law, or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted). Because plaintiff is proceeding *pro se*, his papers must be read liberally and interpreted as raising the strongest arguments they suggest. *Burgos v. Hopkins*, 14 F.3d

787, 790 (2d Cir. 1994).[2]

B.      *The March 1, 2001 Incident*

Under the doctrine of *res judicata*, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (internal quotation marks omitted); *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000). My previous dismissal of Vazquez's action against Littles and other unnamed MDC officers allegedly responsible for assaulting him on March 1, 2001 was, in part, a final judgment on the merits of the matter. Vazquez raises new claims of sexual molestation here, but he could have could have prosecuted those in the prior action. Vazquez's claim is therefore precluded.

Even if Vazquez's claims were not precluded, I would have to dismiss his complaint as untimely. Claims in a New York forum pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and *Bivens* must be commenced within three years of the alleged violation. *See King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002) (noting that the timeliness of a section 1981 claim in New York is governed by that state's three-year personal injury statute of limitations); *Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) ("The statute of limitations for actions brought pursuant to §§ 1983 and 1985 is three years."); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (holding that courts in New York should apply that State's three-year general personal injury statute of limitations to section 1983 actions). Claims pursuant to section 1986 must be commenced within one year. 42 U.S.C. § 1986. Civil RICO claims are subject to a four-year statute of limitations. *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998) (*per curiam*). Vazquez's claims are over five years old. The

---

[2]     Accordingly, to the extent Vazquez seeks relief under from officials of the MDC (a federal facility), I construe his section 1983 claims as if he brought them pursuant to the equivalent cause of action against officials acting under color of federal law. *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

incidents upon which his complaint is based occurred on March 1, 2001. The complaint was filed with the Court on September 25, 2006. His claims are therefore time-barred.[3]

C.  *Allegations of Other Incidents*

Vazquez briefly alleges similar incidents at other in-state and out-of-state federal facilities and various unnamed state facilities. "The test of a complaint's sufficiency is whether it is detailed and informative enough 'to enable defendant to respond and to raise the defense of res judicata if appropriate.'" *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980)). Vazquez's allegations fail this test. Lacking any detail about what occurred in the incidents Vazquez alleges, or the time periods involved, or even which state facilities are relevant, the defendants in this matter are unable to affirm or deny Vazquez's claims, or to discern whether the claims are precluded. I dismiss these allegations for failure to state a claim upon which relief can be granted.

---

[3] Vazquez attempts to sue under Title VII, which regulates discrimination in employment contexts. Vazquez has alleged no employment context here, so that statute is not relevant. In any event, the 300-day timeliness limitation on Title VII suits has expired. 42 U.S.C. § 2000e-5(e); *Petrosino v. Bell Atlantic*, 385 F.3d 210, 219 (2d Cir. 2004) ("An aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act.").

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       November 17, 2006